**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn Knott,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-07-8169-PCT-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for summary judgment and Defendant has filed a cross-motion for summary judgment. Dkt. ##7, 16. The motions are fully briefed. Dkt. ##9, 18-19. For reasons explained below, the Court will grant the motions in part and deny them in part.

**I.　Background.**

Plaintiff applied for disability insurance benefits on May 4, 2004, claiming disability as of March 1, 2002. Dkt. #6, Tr. 65-67. The application was denied. Tr. 38. A hearing before an Administrative Law Judge ("ALJ") was held on March 10, 2006. Tr. 271-94. The ALJ issued a written decision on May 22, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 23-28. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 7-9. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

**II.　Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. SSA*, 466 F.3d 880, 882 (9th Cir.

2006). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Id.* In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (citation omitted).

**III.   Analysis.**

Whether a claimant is disabled is determined using a five-step sequential evaluation process. The claimant bears the burden in steps one through four. To establish disability, the claimant must show (1) she is not currently working, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. At step five, the Commissioner bears the burden of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4).

The ALJ found that Plaintiff had two severe impairments: sciatica and left shoulder rotator cuff syndrome. Tr. 25. The ALJ further found that Plaintiff suffered from heel spurs, a bulging cervical disc, and obesity. Tr. 25-26. The ALJ determined that these impairments were not severe enough to meet or equal a listed impairment. Tr. 26. The ALJ concluded that Plaintiff was not disabled because she had the RFC to perform her past work as a shoe/boot production line worker. Tr. 27-28.

Plaintiff argues that the ALJ erred in concluding that her obesity was not severe and in failing to consider its impact on her RFC, in concluding that she could perform her past work, and by failing to evaluate her testimony and third-party statements regarding the severity of her impairments. Dkt. ##9, 19. Defendant contends that the ALJ did not err and that his decision is supported by substantial evidence. Dkt. #18.

**A.   Obesity.**

The ALJ acknowledged the diagnosis of obesity and that it exacerbates Plaintiff's other impairments, but concluded that obesity, by itself, is not a basis for a finding of disability. Tr. 26. Plaintiff argues that the ALJ erred in failing to evaluate the severity of her

obesity and in failing to consider its effect on her RFC. Dkt. #9 at 3-9. The Court agrees.

"The Social Security Regulations and Rulings, as well as case law applying them, discuss the . . . severity determination in terms of what is 'not severe.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing 20 C.F.R. §§ 404.1520(c), 404.1521(a)). Consistent with the Commissioner's own ruling, SSR 85-28, 1985 WL 56856 (1985), "courts have imposed a narrow construction upon the severity regulation." *Yuckert v. v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citations omitted). "An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen*, 80 F.3d at 1290) (emphasis in original); *see Yuckert*, 841 F.2d at 306; SSR 85-28 at *2-3; SSR 96-3p, 1996 WL 374181, at *1 (July 2, 1996).

It is undisputed that Plaintiff is morbidly obese. Dkt. #9 at 5-6; Tr. 148, 212. At step two of the sequential evaluation process, the ALJ was required to "do an individualized assessment of the impact of obesity on [Plaintiff's] functioning[.]" SSR 02-01p, 2000 WL 628049, at *4 (Sept. 12, 2002). The ALJ also was required to consider "any functional limitations resulting from the obesity" at step four of the evaluation process. *Id.* at *7. Contrary to Defendant's assertion (Dkt. #18 at 2-3), the ALJ did not consider the functional limitations caused by Plaintiff's obesity. *See* Tr. 26-27. This constitutes legal error. *See Celaya v. Halter*, 332 F.3d 1177, 1181-82 (9th Cir. 2003) (ALJs must consider combined effect of obesity with other impairments when determining a claimant's ability to work); *see also* 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 404.1520(c); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

**B.     Plaintiff's Testimony.**

Plaintiff testified that any movement can cause her to experience disabling pain and spasms from her tail bone down to her left toes. Tr. 279, 282-83. She stated that she gets leg cramps lasting up to an hour and never gets a good night's sleep. Tr. 283-84. She further stated that she needs help grocery shopping and sometimes needs assistance cooking and

1  doing housework, has great difficultly cleaning the floors, and suffers from "shooting" pain
2  in her heels when she walks or is barefoot.  Tr. 278, 285-86.  She noted that when she and
3  her husband travel they stop about every half hour so she can get out of the car and move
4  around.  Tr. 288.  Regarding general functional limitations, Plaintiff testified that she can
5  only lift and carry 10 pounds, sit or stand 20 minutes at a time, walk 100 yards, climb one
6  flight of stairs slowly, and has difficulty stooping, kneeling, squatting, and gripping things.
7  Tr. 280-81.

8        The ALJ found Plaintiff's testimony "not entirely credible," but his decision on this
9  point is less than a model of clarity.  The ALJ did not organize his discussion of Plaintiff's
10 testimony using the two-step analysis established by the Ninth Circuit:  First, the ALJ must
11 apply the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), and determine whether the
12 Plaintiff produced objective medical evidence of an underlying impairment which could
13 reasonably produce the pain or other symptoms alleged.  *See Smolen*, 80 F.3d at 1281.
14 Second, if Plaintiff produces evidence to meet the *Cotton* test and there is no evidence of
15 malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms
16 only by offering specific, clear and convincing reasons for doing so."  *Id*.  Had the ALJ
17 followed this simple organization, review of the reasons for his decision would have been
18 much easier.  Instead, the Court has been required to read and re-read the decision in order
19 to identify the bases for the decision.  Having done so, the Court is satisfied that the ALJ's
20 decision regarding Plaintiff's testimony is properly supported.

21       Although mentioned only in passing in the midst of the general RFC discussion, the
22 ALJ clearly and correctly found that the *Cotton* test was satisfied.  He concluded that
23 Plaintiff's impairments "could reasonably be expected to produce the symptoms alleged[.]"
24 Tr. 27.  Given this conclusion, and because he made no finding that Plaintiff was
25 malingering, the ALJ was required to give clear and convincing reasons for his adverse
26 credibility finding.  *See Robbins*, 466 F.3d at 883.  This clear and convincing standard "is the
27 most demanding required in Social Security cases." *Moore v. Comm'r of SSA*, 278 F.3d 920,
28 924 (9th Cir. 2002).

"Pain of sufficient severity caused by a medically diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis for determining that a claimant is disabled." *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997) (citing 42 U.S.C. § 423(d)(5)(A); *Bunnell v. Sullivan*, 947 F.2d 341, 344-45 (9th Cir. 1991)). "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (citation and alterations omitted); *see Smolen*, 80 F.3d at 1282 ("The claimant need not produce objective medical evidence of the pain . . . itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.") (citing *Bunnell*, 947 F.2d at 345-48); 20 C.F.R. § 404.1529(c)(2); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

The ALJ did not make this error. He did not reject Plaintiff's testimony solely on the basis of a lack of objective medical evidence to fully corroborate the alleged severity of Plaintiff's pain.

The ALJ rejected Plaintiff's testimony on four grounds. First, the ALJ noted that no treating or examining physician has suggested that Plaintiff has been unable to work for 12 or more months due to her medical problems. Tr. 27. Second, Dr. Lazzara, a board certified specialist in internal medicine under contract with the State, conducted a thorough examination of Plaintiff and significant testing of her cervical spine, dorsolumbar spine, shoulders, elbows, hips, knees, ankles, wrists, hands, and fingers. Tr. 176-80. Dr. Lazzara found no evidence of significant deficits or limitations. *Id.* Third, Dr. Lazzara found that Plaintiff could pick up a coin, button clothing, open a door, get on and off an examination table without difficulty, and walk on her heels and toes, and had only mild difficulty squatting and hopping. Tr. 177. The ALJ assigned considerable weight to Dr. Lazzara's opinions and assessment of Plaintiff's functional capacity. Tr. 27. Fourth, Plaintiff stated in her work activity report that she stopped working not because she was physically or mentally unable to perform her job, but because her job was phased out by her employer.

She was unable to perform her new job because it required above-the-shoulder operations. Tr. 78. The clear implication of this statement, which she made again during her testimony before the ALJ (Tr. 277), was that she would have continued working had her employer not eliminated her job.

The Court finds that these reasons are sufficiently specific, clear and convincing to affirm the ALJ's decision not to credit Plaintiff's testimony. The question is not what the Court would have done in the ALJ's position, but whether his reasons for acting were consistent with the Ninth Circuit's standard. The Court concludes that they were. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (affirming ALJ's adverse credibility determination where the medical evidence showed that the plaintiff could perform a limited range of work).[1]

### C.     **Third-Party Statements.**

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, SSA*, 454 F.3d 1050, 1053 (9th Cir. 2006). If the ALJ "'wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness.'" *Id.* (citation omitted).

Plaintiff's relatives and friends provided statements corroborating her claim of disabling pain. Tr. 105-09. The ALJ rejected the statements, indicating that he had "assign[ed] greatest evidentiary weight to Dr. Lazzara's September 2004 opinion and assessment of the claimant's functional capacity." Tr. 27. The Court finds this is a sufficient reason for rejecting the third-party statements. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

---

[1] The ALJ also stated that Plaintiff's testimony was "inconsistent" with her activities daily log, but provided no explanation. Such a conclusory observation does not satisfy the Ninth Circuit's requirement that the ALJ states clearly and specifically his reasons for rejecting Plaintiff's testimony, and the Court therefore has not considered this reason in reaching its decision.

- 6 -

**D.      The Decision to Remand for Further Proceedings or an Award of Benefits.**

Defendant's decision must be vacated given the ALJ's failure to properly evaluate and consider Plaintiff's obesity at steps two and four of the evaluation process. The Court has discretion to remand the case for further development of the record or for an award benefits. *See Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). This Circuit has held that an action should be remanded for an award of benefits where there are no outstanding issues that must be resolved before a determination of disability can be made and it is clear from the record that the claimant is disabled. *See Smolen*, 80 F.3d at 1292.

Having considered the record in this case as a whole, the Court concludes that it does not clearly show that Plaintiff is disabled. The Court further concludes that the severity of Plaintiff's obesity must be determined before a finding of disability can be made. A remand for further proceedings is therefore appropriate.[2]

**IT IS ORDERED:**

1. The parties' motions for summary judgment (Dkt. ##7, 16) are **granted in part** and **denied in part**.
2. Defendant's administrative decision denying benefits is **reversed**.
3. The case is remanded to Defendant for further proceedings consistent with this order.
4. The Clerk is directed to terminate this action.

DATED this 16th day of October, 2008.

David G. Campbell
United States District Judge

---

[2] Because Plaintiff's RFC will be reevaluated on remand, the Court need not address Plaintiff's argument that the ALJ erred in finding that she had the RFC to perform her past work. *See* Dkt. #9 at 9-14.

- 7 -